IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES STEWART, JR., et al.,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | 5:04-CV-365 (WDO) |
| | : | |
| **BIBB COUNTY BOARD OF EDUCATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

In 2002, the Southeast High School football team played its last season of football because the school closed the following year and consolidated into a new school. The coach of the football team was James Stewart, Jr. In October of 2002, Raynette Evans, Athletic Director for the Bibb County schools, was informed that one of the players on the Southeast team was ineligible to play because he was not a legal resident of Bibb County. Evans reported the allegation to the Georgia High School Association. The GHSA found the residence eligibility rule had been violated. Southeast had to forfeit all of its games for the 2002 season and was not permitted to play in the playoffs. The GHSA's decision was not appealed.

Coach Stewart and several of the former football players filed this suit against the Board of Education and Evans alleging (1) substantive and procedural due process violations and (2) emotional distress and mental suffering. Plaintiffs claim the Defendants violated their liberty interests in preserving their reputations because the events so stigmatized the players that they were unable to receive scholarships to play in college and were thus deprived of their right to

1

pursue higher education. Plaintiff Stewart claims that his reputation was damaged to the extent that he was deprived of his freedom to pursue other employment opportunities. Defendants moved to dismiss the case arguing that the inability to participate in football games does not involve a deprivation of constitutionally protected liberty or property interests. After reviewing the motion to dismiss, the Court decided to consider the matter pursuant to the summary judgment standards of review and the parties engaged in discovery. Defendants declined the invitation to file a supplemental summary judgment motion stating that all legal arguments had been thoroughly briefed in the motion to dismiss and that discovery failed to produce anything to change any of the arguments made therein. Plaintiffs filed a supplemental brief along with several documents produced during discovery. The matter has now been resubmitted to the Court. Because the Court finds that a hearing is unnecessary, Plaintiffs' motion for a hearing is denied.

Plaintiffs allege Due Process violations pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. However, Fifth Amendment Due Process claims apply only to the federal government. Mindler v. Clayton County, 831 F. Supp. 856, 860 (N.D. Ga. 1993) (citation omitted). Therefore, any Fifth Amendment claims are dismissed. The claims against Evans in her official capacity are also dismissed as redundant of the claims against the Board of Education. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

In order to bring an action for deprivation of a property or liberty interest pursuant to the Fourteenth Amendment, Plaintiffs must identify a protectable interest created by state law. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules. . . ." Board of

Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701 (1972).  The state and federal courts have made it very clear that students do not have property rights in any expectation to participate in athletics or in any benefit resulting therefrom.

In Parish v. NCAA, basketball players sued to prevent the athletic association from enforcing its ruling that declared the players ineligible to play based on their failure to obtain the minimum grade point average.  Parish v. NCAA, 506 F.2d 1028 (5th Cir. 1975).  The court held that the privilege of participating in interscholastic athletics falls outside the protection of due process.  Id. at 1034 (citation omitted).  The court noted that the players lost only the opportunity to play in NCAA-sponsored games and therefore had alleged no deprivation of any property or liberty interests.  The court also noted that the alleged injury to their hoped-for careers was "far too speculative to establish a property interest."  Id.  See also Smith v. Crim, 240 S.E.2d 884, 886 (Ga. 1977) (Because the plaintiff had no right to participate in interscholastic sports, he had no protectable property interest which would give rise to a due process claim.) (citation omitted); Parents Against Realignment v. Georgia High School Ass'n, 516 S.E.2d 528, 529 (Ga. 1999) ("Courts are ill-equipped to make fundamental, legislative, and administrative policy decisions which are involved in the everyday administration of a public school system.") (citation omitted); Davenport by Davenport v. Randolph County Bd. of Educ., 730 F.2d 1395, 1397 (11th Cir. 1984) (A student's interest in participating in interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement.) (citing Walsh v. Louisiana High School Athletic Ass'n, 616 F.2d 152, 159 (5th Cir.1980).  Finally, Plaintiffs' reputations are neither "liberty" nor "property" interests guaranteed against state deprivation without due process of law.  Paul v. Davis, 424 U.S. 693, 712, 96 S. Ct. 1155 (1976); Campbell

v. Pierce County, 741 F.2d 1342, 1344 (11th Cir. 1984) (While damage to reputation, standing alone, does not provide the basis for an action under Section 1983, when such damage is sustained in connection with a termination of employment it may give rise to a claim for deprivation of liberty).

Because Plaintiffs had no constitutionally protected right to participate in interscholastic sports, they had no protectable property or liberty interest to establish a due process claim. Likewise, the Plaintiff players had no protected property interest in the forfeited games, the ability to play in the playoffs or in any potential scholarship they MAY have received.  Plaintiff Stewart's alleged property interest to participate as a coach does not give rise to a due process claim either.  Plaintiff Stewart was not terminated or demoted and therefore has no claim for a lost interest in employment.[1]  Because the Plaintiffs had no constitutionally protected interest in these matters, there can be no due process claim based on the Defendants' failure to appeal the GHSA's forfeiture and ineligibility determinations.

In one of their briefs, Plaintiffs argued that one of the reasons their 2002 season was forfeited was that the players were poor and African-American.  Notably, Plaintiffs did not assert a racial discrimination claim in the complaint and failed to come forward with any evidence whatsoever that race played a part in the forfeiture. "Conclusory allegations . . . are no substitute for a factual showing of actual discriminatory intent or effect. See Parish, 506 F.2d at 1033 (citations omitted).  The Court dismisses Plaintiffs' racial discrimination and/or equal protection claim to the extent they intended to assert one.

As a government official performing the discretionary functions of Athletic Director,

---

[1] He was transferred to another school when Southeast closed.

Defendant Evans is entitled to qualified immunity because her conduct did not violate any of the Plaintiffs' clearly established statutory or constitutional rights.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  Defendant Evans is therefore entitled to summary judgment.  Plaintiffs failed to show that any practice, custom or policy of the Board of Education resulted in a deprivation of their rights, or to show any deprivation at all, and the Board of Education is therefore entitled to summary judgment.  <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).  Because the Court has dismissed all claims over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3).  Plaintiffs' state claims are dismissed without prejudice.

**SO ORDERED this 23rd day of February 2006.**

**S/ WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**